GRIFFIN, J.
The sole issue in this appeal is whether the trial court erred in failing to order disclosure of the transcripts of the grand jury proceedings leading to appellant’s indictment for first-degree murder. He was ultimately convicted of second-degree murder.
Welsh claims that he made the requisite particularized showing to the trial court for entitlement to the grand jury transcripts based on two facts. First, the grand jury recommended that Welsh be placed on suicide watch. From that, the defendant suggests that the grand jury may have had mental health information concerning the defendant that counsel for the defendant did not himself have. Second, the first indictment of the defendant in 2000 recited that the cause of the victim’s death was strangulation, but the 2003 indictment showed that the cause of death was strangulation and/or choking on a fluid consisting of gasoline and heavy petroleum distillate. The argument made to the trial court was that the defendant should be able to look at the transcript to determine if “there may be misconduct, or may be some reason that the grand jury improperly returned a subsequent amended indictment” amending the possible cause of death. On appeal, counsel for the defen *406 dant hypothesizes that perhaps this state’s expert witness gave “inconsistent” testimony.
Our standard of review is abuse of discretion. From our vantage point, it appears the trial court’s decision was correct, but right or wrong, it clearly does not rise to the level of abuse of discretion.
AFFIRMED.
THOMPSON and MONACO, JJ., concur.